IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| COREY LEONG, #A4014453, ) | CIV. NO. 1:18-cv-00375 JAO-KSC |
| ) | |
| Plaintiff, ) | ORDER DISMISSING COMPLAINT |
| ) | WITH LEAVE TO AMEND |
| vs. ) | |
| ) | |
| MAUI CTY. COMM. CORR., et al., ) | |
| ) | |
| Defendants, ) | |
| _____ ) | |

Before the court is pro se Plaintiff Corey Leong's prisoner civil rights Complaint. ECF No. 1. Leong alleges that Defendants the State of Hawaii, the Maui Community Correctional Center (MCCC), the Honorable Joseph E. Cardoza, and Hoapili Hale Court Staff,[1] the Maui County Police Department (MPD), and Office of the Prosecuting Attorney (Maui Prosecutor's Office) (collectively, Defendants) violated his civil rights during state civil and criminal proceedings in 2011 and 2014, and during his present incarceration at MCCC.

Leong's Complaint fails to state a colorable claim for relief under 42 U.S.C. § 1983 and is DISMISSED with leave to amend, pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(a-b).

---

[1]Judge Cardoza sits on the Circuit Court of the Second Circuit, State of Hawaii (circuit court); Hoapili Hale is the title of the circuit courthouse in Wailuku, Maui.

# I. **STATUTORY SCREENING**

Because Leong is proceeding in forma pauperis and is a prisoner, the court screens his Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a). Claims that are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune from suit must be dismissed. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing § 1915A(b)).

Section 1915 screening involves the same standard of review as that under Federal Rule of Civil Procedure 12(b)(6). *See Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (screening under § 1915(e)(2)); *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (screening under § 1915A(b)). That is, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121; *Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Rule 12(b)(6) is read in conjunction with Rule 8(a).  *Zixiang Li v. Kerry*, 710 F.3d 995, 998-99 (9th Cir. 2013).  Under Rule 8, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but a complaint must allege enough facts to provide both "fair notice" of the claim asserted and "the grounds upon which [that claim] rests."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 & n.3 (2007) (citation and quotation marks omitted); *see also Iqbal*, 556 U.S. at 555 (stating Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation").  The "mere possibility of misconduct" is insufficient to meet this standard.  *Iqbal*, 556 U.S. at 555; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Pro se litigants' pleadings must be liberally construed and all doubts should be resolved in their favor.  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).  The court must grant leave to amend if it appears the plaintiff can correct the defects in the complaint, *Lopez*, 203 F.3d at 1130, but if a claim or complaint cannot be saved by amendment, dismissal with prejudice is appropriate, *Sylvia Landfield Tr. v. City of L.A.*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## II. **DISCUSSION**[2]

To state a claim under § 1983, a plaintiff must allege that the defendant (1) acted under color of state law and (2) deprived him of rights secured by the Constitution or federal law. *Long v. Cty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. Cty. of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) ).

### A. Eleventh Amendment Immunity

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007). An "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *see also*

---

[2] Leong's facts are accepted as true and construed most favorably to him, *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014); his conclusions of law are not.

*Brandon v. Holt*, 469 U.S. 464, 471-72 (1985); *Larez v. City of L.A.*, 946 F.2d 630, 646 (9th Cir. 1991). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." *Graham*, 473 U.S. at 166.

Defendants named in their official capacities are subject to suit under § 1983 only "for prospective declaratory and injunctive relief . . . to enjoin an alleged ongoing violation of federal law." *Oyama v. Univ. of Haw.*, 2013 WL 1767710, at *7 (D. Haw. Apr. 23, 2013) (quoting *Wilbur v. Locke*, 423 F.3d 1101, 1111 (9th Cir. 2005), *abrogated on other grounds by Levin v. Commerce Energy Inc.*, 560 U.S. 413 (2010)); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989).

Moreover, jails, prison facilities, and state agencies are not "persons" amenable to suit under § 1983. *See Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969); *Maldonado v. Harris*, 370 F.3d 945, 951 (9th Cir. 2004) (discussing state agencies) (citing *Will*, 491 U.S. at 70).

Leong seeks damages and does not seek prospective injunctive or declaratory relief. He cannot state a claim against the State of Hawaii, or the MCCC jail and claims against them are DISMISSED. Leong alleges no facts suggesting that Judge Cardoza or Hoapili Hale court staff are engaged in an

ongoing constitutional violation and his claims alleged against them in their official capacities are DISMISSED.

**B.     MPD and Maui Prosecutor's Office**

There is no respondeat superior liability under § 1983, and a county or municipal actor is liable only for injuries that arise from an official policy or longstanding custom. *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978); *see also City of Canton v. Harris*, 489 U.S. 378, 385 (1989) ("A municipality can be liable under § 1983 only where its policies are the 'moving force [behind] the constitutional violation.'") (citing *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981)). A plaintiff must allege facts to establish "that a [city or county] employee committed the alleged constitutional violation pursuant to a formal governmental policy or a 'longstanding practice or custom which constitutes the "standard operating procedure of the local governmental entity."'" *Gillette v. Delmore*, 979 F.2d 1342, 1346 (9th Cir. 1992); *see also Ziegler v. Indian River Cty.*, 64 F.3d 470, 474 (9th Cir. 1995) (noting a county is "not liable for acts of county officials unless the officials' conduct was the consequence of county policy or custom") (citation omitted).

Leong names no individuals who allegedly acted pursuant to any illegal Maui County policies or procedures. Nor does he assert that longstanding

practices or customs of the MPD or Maui Prosecutor's Office violated his rights. Leong's official capacity claims against MPD and the Maui Prosecutor's Office (or their unnamed employees) are DISMISSED.

**C.     Judicial Immunity**

Leong vaguely alleges that Judge Cardoza unlawfully stripped of him of his inheritance and denied a motion for reconsideration without a hearing in "early 2011" while presiding over the "Leong Family Trust."[3]  Compl., ECF No. 1, PageID #9.  He also alleges that "presiding Judge Lloyd Poelman" violated his rights "multiple times" when Leong sought a temporary restraining order (TRO) against Leilani S. Andaya in late 2014, in which Leong alleged that Andaya was abusing, neglecting, and endangering their child, H.A.[4]  *Id.*, PageID #6.  Leong does not name Judge Poelman as a Defendant in the Complaint's caption or body.

Judges are entitled to absolutely immune from liability based on acts performed in their official capacities.  *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991); *Ashelman v. Pope*, 793 F.2d 1072 (9th Cir.1986) (en banc).  "It is well established

---

[3]*See State v. Leong*, Cr. No. 2FFC-18-0000027 (Haw. 2d Cir. Family Ct., Feb. 15, 2018) (J. Cardoza presiding over Leong's arraignment and plea), available at: https://jimspss1.courts.state.hi.us/JEFS.  *See also Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (allowing court to take judicial notice of other courts' proceedings).

[4]*See Leong v. Andaya*, 2DA14100701 (2d. Cir. Fam. Ct. Nov. 25, 2014) (J. Poelman presiding), available at: http://hoohiki.courts.hawaii.gov.  Judge Poelman dissolved the TRO on the record at a December 10, 2014 evidentiary hearing.

7

that state judges are entitled to absolute immunity for their judicial acts." *Swift v. California*, 384 F.3d 1184, 1188 (9th Cir. 2004) (citing *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967)); *Ibeabuchi v. Thumma*, — F. App'x —, 2018 WL 5733077 (9th Cir. 2018). Judicial immunity applies no matter how "erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Swift*, 384 F.3d at 1074 (citing *Cleavinger v. Saxner*, 474 U.S. 193 (1985) (quotations omitted)). Judicial immunity is not affected "by the motives with which their judicial acts are performed." *Ashelman*, 793 F.2d at 1077. Judicial immunity applies not only to lawsuits for damages, but also to suits seeking declaratory, injunctive, or other forms of equitable relief. *Moore v. Brewster*, 96 F.3d 1240, 1244 (9th Cir. 1996) (superceded by statute on other grounds ).

Judge Cardoza and Judge Poelman are immune from suit for actions they allegedly took in their official capacities as the presiding judges in two state court proceedings in which Leong was involved. Claims alleged against Judge Cardoza and Judge Poelman are DISMISSED with prejudice.

### D. Hoapili Hale Court Staff

Leong alleges that unnamed Hoapili Hale court staff tampered with evidence during his 2014 TRO proceedings by "modifying and or doctoring the recording of

said case with the intent to racketeer and violate my civil rights." Compl., ECF No. 1, PageID #6. Public records show that Judge Poelman dissolved the TRO on the record after an evidentiary hearing and upon witness statements. Even if court staff tampered with the audio recording of this proceeding, Leong fails to explain how that affected Judge Poelman's on-the-record decision. These allegations fail to state a claim and are DISMISSED.

### E. Removal of Leong's Daughter in 2014

Leong alleges that the Maui Prosecutor's Office instructed MPD Officer Cliff Maeda to remove Leong's and Andaya's daughter, H.A., from Leong's home in "late 2014." Compl., ECF No. 1, PageID #8. Leong claims that this was "based on unauthorized contact with attorney Angela K. Correa," who was the "opposing attorney." *Id.* Leong says that Maeda had no "proper paperwork . . . and/or court order" for H.A.'s removal. *Id.* Neither Maeda nor Correa are named Defendants.

"[P]arents 'have a well-elaborated constitutional right to live' with their children that 'is an essential liberty interest protected by the Fourteenth Amendment's guarantee that parents and children will not be separated by the state without due process of law except in an emergency.'" *Kirkpatrick v. Cty. of Washoe*, 843 F.3d 784, 789 (9th Cir. 2016) (quoting *Wallis v. Spencer*, 202 F.3d 1126, 1136 (9th Cir. 1999).

9

"The First Amendment also protects 'family relationships, that presuppose 'deep attachments and commitments to the necessarily few other individuals with whom one shares not only a special community of thoughts, experiences, and beliefs but also distinctively personal aspects of one's life.'" *Keates v. Koile*, 883 F.3d 1228, 1236 (9th Cir. 2018) (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 685 (9th Cir. 2001) (further citation omitted).

Further, the Fourth Amendment protects a child's "right . . . to be secure in their person[] . . . against unreasonable . . . seizures" without a warrant. U.S. Const. amend. IV. A warrantless seizure is objectively reasonable only when compelling exigencies exist. *See Rogers v. Cty. of San Joaquin*, 487 F.3d 1288, 1294 (9th Cir. 2007).

### 1. *Fourth Amendment Claim*

"[A] parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer," *Johns v. Cty. of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997), even when the parent cannot afford to hire an attorney. *Buran v. Riggs*, 5 F. Supp.3d 1212, 1216 (D. Nev. 2014). Leong cannot represent H.A.'s interests and any claims based on this relationship are DISMISSED.

//

//

### 2. *Claims Against Correa*

Leong describes Correa as "an ex-prosecutor," in an apparent attempt to tie her to the Maui Prosecutor's Office. While this may be true, Correa's connection to Leong's claims is that she represented Leilani Andaya, H.A.'s mother, in *Leong v. Andaya*, 2DA14100701, when Leong sought a TRO against Andaya in December 2014. Leong alleges nothing showing that Correa was acting under color of state law or on behalf of the Maui Prosecutor's Office when she represented Andaya or explain how she caused Maeda to remove H.A. from Leong's home. Any suggested claims against Correa are DISMISSED.

### 3. *Maui Prosecutor's Office and Officer Maeda*

Leong alleges Maeda removed H.A. from his home on an unidentified date in late 2014, without proper paperwork or a court order on instructions from the Maui Prosecutor's Office. Leong allegedly reported this to the FBI and the United States Attorney General, but does not set forth the outcome of these reports. Leong provides no other details regarding H.A.'s removal from his home.

Leong fails to set forth the exact date that Maeda allegedly removed H.A. from his home, or provide any details explaining what preceded or followed this event. Leong does not say that he filed proceedings in the Hawaii state courts to have H.A. returned, which would have been an obvious avenue of relief and would

11

support this claim if successful.  Importantly, Leong does not allege that he had legal custody of H.A. when Maeda removed her.  Leong admits, however, that he sought a TRO to prevent Andaya from retaining custody of H.A, which was denied.  Moreover, in Leong's recent federal habeas petition before this court, *Leong v. State*, No. 1:18-cv-00372 JAO-KJM (D. Haw. Oct. 9, 2018), Leong challenged his June 13, 2018 conviction in *State v. Leong*, Cr. No. 1:18-cv-00374 (Haw. 2d Cir. Family Ct.), for Custodial Interference in the First Degree, regarding his no contest plea admitting that he took H.A. from Andaya without permission or court order.

    While the court must accept the truth of factual allegations in a complaint, Rule 8 requires more than "unadorned" accusations, "conclusory statements," and the "mere possibility of misconduct."  *Bell Atl. Corp.*, 550 U.S. at 555.  Moreover, "[d]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.  Accepting Leong's sparse factual allegations regarding H.A.'s removal from his home as true, and taken in light of Leong's other statements of fact and public records, the court cannot plausibly infer that Maeda or the Maui Prosecutor's Office illegally removed H.A. from Leong's home, and these claims are DISMISSED.

## F. Statute of Limitation

Federal courts apply the forum state's statute of limitation and tolling provisions for personal injury tort actions to claims under § 1983. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985), *superseded by statute on other grounds as stated in Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 377-78 (2004); *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004). As a result, Leong's claims are subject to the two-year statute of limitation set forth in Haw. Rev. Stats. § 657-7. *See Beckstrand v. Read*, 680 F. App'x 609, 610 (9th Cir. 2017) ("Actions for the recovery of compensation for damage or injury to persons . . . shall be instituted within two years after the cause of action accrued.")); *Namauu v. Dep't of Pub. Safety*, 2018 WL 1733978, at *3 (D. Haw. Apr. 10, 2018).

Because Leong's claims against Judges Cardoza and Poelman, Hoapili Hale court staff, MPD, Officer Maeda, the Maui Prosecutor's Office, and attorney Angela K. Correa are alleged to have occurred in 2011 or 2014, he is notified that they appear time-barred under Haw. Rev. Stats. § 657-7.

## G. Overcrowding at MCCC

Finally, Leong alleges that his constitutional rights are currently being violated by his present incarceration at MCCC in an overcrowded cell. Leong alleges that he is forced to sleep directly on the floor in a cell with three other cell

mates. He says that he has been urinated on, tripped over, and "stomped on," presumably by his cell mates, since his incarceration. Compl., ECF No. 1, PageID #5. He further alleges that his serious eye condition, asthma, and allergies are exacerbated by sleeping on the floor.

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners from inhumane methods of punishment and inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. *Morgan*, 465 F.3d at 1045 (citing *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). Conditions that lack a legitimate penological purpose or run contrary to evolving standards of decency violate the Eighth Amendment. *Id.*

Not every injury that a prisoner sustains in prison rises to the level of a constitutional violation, however. *Morgan*, 465 F.3d at 1045. To plead an Eighth Amendment claim, a prisoner must allege facts that plausibly suggest officials acted with deliberate indifference to a substantial risk of harm to their health or

safety. *See e.g., Farmer*, 511 U.S. at 847; *Thomas v. Ponder*, 611 F.3d 1144, 1150-51 (9th Cir. 2010).

Allegations of prison overcrowding alone are insufficient to state a claim under the Eighth Amendment. *See Balla v. Idaho State Bd. of Corr.*, 869 F.2d 461, 471 (9th Cir. 1989); *see also Rhodes*, 452 U.S. at 348-49 (double-celling of inmates by itself does not inflict unnecessary or wanton pain or constitute grossly disproportionate punishment in violation of Eighth Amendment). An overcrowding claim is cognizable only if the plaintiff alleges that the crowding has caused an increase in violence, reduced the provision of other constitutionally required services, or has reached a level rendering the institution no longer fit for human habitation. *See Balla*, 869 F.2d at 471; *Hoptowit v. Ray*, 682 F.2d 1237, 1248-49 (9th Cir. 1982) (noting that overcrowding itself is not an Eighth Amendment violation but can lead to specific effects that might violate Constitution), *abrogated in part on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995).

Leong does not allege sufficient facts to raise his claim of overcrowding to state a violation of the Eighth Amendment. He does not allege how long he has been housed in a cell with three other inmates, or how many hours per day they are confined together in the cell. Leong does not say that violence has broken out in

his cell, or that prison officials are aware of and have disregarded such violence, or even that he fears violence, has told prison officials of his fears and has been ignored. Leong alleges that his asthma, allergies, and eye condition are being worsened by sleeping on the floor, but he does not state that he has been denied medical care for these ailments. Leong fails to state a colorable claim based on allegations of overcrowding at MCCC and this claim is DISMISSED.

### H. Federal Rules of Civil Procedure 18 and 20

Leong raises three distinct, unrelated causes of action against various, unrelated defendants that allegedly occurred in 2011, 2014, and 2018. Leong may not bring unrelated claims against unrelated parties in a single action. *See* Fed. R. Civ. P. 18(a), 20(a)(2); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Leong may bring a claim against multiple defendants only if (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are common questions of law or fact. Fed. R. Civ. P. 20(a)(2); *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997). The "same transaction" requirement refers to similarity in the factual background of a claim. *Coughlin*, 130 F.3d at 1349. Only if the defendants are properly joined under Rule 20(a) will the court review the

other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

Leong's claims as alleged against Defendants are unrelated in time, place, and cause of action. For example, Leong may not pursue a claim against Judge Cardoza and others for issues related to a 2011 family trust proceeding, while simultaneously pursuing a claim against Judge Poelman and others regarding a *different* state court proceeding that was held in 2014, regarding an application for a TRO. And neither of these transactions has any connection to his claims against MCCC Defendants for alleged violations presently occurring in 2018. In raising these claims together in this suit, Leong violates the Federal Rules of Civil Procedure by including multiple unrelated claims against multiple unrelated defendants in a single filing. If Leong elects to amend his pleading, he must choose which claims he will pursue in *this* action, and then he may commence *two separate* suits regarding the other two remaining causes of action. If his amended complaint sets forth unrelated claims which violate joinder rules, the court will dismiss the improperly joined claims.

### III. LEAVE TO AMEND

The Complaint is DISMISSED with leave granted to amend those claims that are dismissed without prejudice. Leong may file an amended complaint on or

before January 7, 2019, that cures the noted deficiencies in his claims. If he elects to file an amended complaint, he must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii. Local Rule LR10.3 requires that an amended complaint be complete in itself without reference to any prior pleading. An amended complaint must be short and plain, comply with Rule 8 of the Federal Rules of Civil Procedure, and be submitted on the court's prisoner civil rights form. An amended complaint will supersede the preceding complaint. *See Ramirez v. Cty. of San Bernadino*, 806 F.3d 1002, 1008 (9th Cir. 2015); LR99.7.10. Defendants not renamed and claims not realleged in an amended complaint may be deemed voluntarily dismissed. *See Lacey v. Maricopa Cty*, 693 F.3d 896, 928 (9th Cir. 2012).

## IV. 28 U.S.C. § 1915(g)

If Leong fails to file an amended complaint, or is unable to amend his claims to cure their deficiencies, this dismissal may count as a "strike" under 28 U.S.C. § 1915(g). Under this "3-strikes" provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis,

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

## V. CONCLUSION

(1) The Complaint is DISMISSED for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1).

(2) Leong may file an amended pleading that cures the noted deficiencies in his claims on or before January 7, 2018. He may allege claims related to only one cause of action that stems from the same transaction and occurrence in this amended pleading, whether that cause of action occurred in 2011, 2014, or 2018.

(3) The Clerk is directed to send Leong a blank prisoner civil rights complaint form so that he can comply with this order if he elects to file an amended pleading.

(4) Failure to timely file an amended pleading may result in AUTOMATIC DISMISSAL of this suit without further notice, and may incur a strike under 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, November 21, 2018.



/s/ Jill A. Otake
Jill A. Otake
United States District Judge