IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| COREY K. LEONG, #A4014453, | ) | CIV. NO. 1:18-cv-00375 JAO-KSC |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING AMENDED |
| | ) | COMPLAINT WITH LEAVE TO |
| vs. | ) | AMEND |
| | ) | |
| MAUI CTY. COMM. CORR., | ) | |
| | ) | |
| Defendants, | ) | |
| _____ | ) | |

Before the Court is pro se Plaintiff Corey K. Leong's first amended prisoner civil rights Complaint (FAC). ECF No. 1. Leong alleges that the Hawaii "Department of Public Safety (Maui Division)" ("DPS"), violated his civil rights between February 15 and June 15, 2018, by housing him in a two-man cell with three other prisoners at the Maui Community Correctional Center (MCCC).

Leong again fails to name any proper Defendant to this suit and otherwise fails to state a colorable claim for relief under 42 U.S.C. § 1983. The FAC is DISMISSED with leave to amend, if possible, pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(a–b).

## I. STATUTORY SCREENING

Leong is proceeding in forma pauperis and is a prisoner, therefore the Court screens the FAC pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a). Claims that

are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune from suit must be dismissed. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing § 1915A(b)).

Section 1915 screening involves the same standard of review as that under Federal Rule of Civil Procedure 12(b)(6). *See Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (screening under § 1915(e)(2)); *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (screening under § 1915A(b)). That is, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121; *Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1020–21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Rule 12(b)(6) is read in conjunction with Rule 8(a). *Zixiang Li v. Kerry*, 710 F.3d 995, 998–99 (9th Cir. 2013). Under Rule 8, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but a

complaint must allege enough facts to provide both "fair notice" of the claim asserted and "the grounds upon which [that claim] rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 & n.3 (2007) (citation and quotation marks omitted); *see also Iqbal*, 556 U.S. at 555 (stating Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). The "mere possibility of misconduct" is insufficient to meet this standard. *Iqbal*, 556 U.S. at 555; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Pro se litigants' pleadings must be liberally construed and all doubts should be resolved in their favor. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). The Court must grant leave to amend if it appears the plaintiff can correct the defects in the complaint, *Lopez*, 203 F.3d at 1130, but if a claim or complaint cannot be saved by amendment, dismissal with prejudice is appropriate, *Sylvia Landfield Tr. v. City of L.A.*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## II. **DISCUSSION**[1]

To state a claim under § 1983, a plaintiff must allege that the defendant (1) acted under color of state law and (2) deprived him of rights secured by the Constitution or federal law. *Long v. Cty. of Los Angeles*, 442 F.3d 1178, 1185 (9th

---

[1] Leong's facts are accepted as true and construed in the light most favorably to him. *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014).

Cir. 2006); *see also Marsh v. Cty. of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).

**A.     The FAC's Claims**

Leong alleges that DPS or MCCC officials violated his constitutional rights by housing him in an overcrowded cell at MCCC. FAC, ECF No. 9, PageID #54. Leong states:

> I was in MCCC Jail and was forced to sleep on the ground (no cot) in an overcrowded situation (4 persons in a 2 man cell), and next to a toilet. I was stepped over, tripped on and urine-ated [sic] on multiple times. Also I have a severe eye condition and sleeping on the ground increased contact with my eyes and dust particles and my eye condition got worse.

*Id.* Leong was housed in this cell for four months, between February 15 and June 15, 2018. Leong says his eye condition worsened, but he was seen by a doctor and was prescribed medication. *Id.*, PageID #55. He alleges his claims arise under the Third Amendment "and any other, Constitutional Rights, State laws, Federal acts

4

that may apply. (All Rights Reserved) (cruel and unusual punishment) (Amends)." FAC, ECF No. 9, PageID #53. Leong seeks $12,000 in damages.

A. **Eleventh Amendment Immunity**

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007). An "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *see also Brandon v. Holt*, 469 U.S. 464, 471–72 (1985); *Larez v. City of L.A.*, 946 F.2d 630, 646 (9th Cir. 1991). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." *Graham*, 473 U.S. at 166.

Defendants named in their official capacities are subject to suit under § 1983 only "for prospective declaratory and injunctive relief . . . to enjoin an alleged ongoing violation of federal law." *Oyama v. Univ. of Haw.*, 2013 WL 1767710, at *7 (D. Haw. Apr. 23, 2013) (quoting *Wilbur v. Locke*, 423 F.3d 1101, 1111 (9th Cir. 2005), *abrogated on other grounds by Levin v. Commerce Energy Inc.*, 560 U.S. 413 (2010)); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70–71 (1989).

Moreover, jails, prison facilities, and state agencies are not "persons" amenable to suit under § 1983. *See Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969); *Maldonado v. Harris*, 370 F.3d 945, 951 (9th Cir. 2004) (discussing state agencies) (citing *Will*, 491 U.S. at 70).

Leong cannot state a claim for damages against the Department of Public Safety, a state agency, or the MCCC jail, a state facility, and these claims are DISMISSED with prejudice. Moreover, to the extent Leong intended to allege claims against unnamed defendants at MCCC in their official capacities, such claims are subject to dismissal because he does not seek prospective injunctive or declaratory relief and does not allege an ongoing constitutional violation.

**B.     Eighth Amendment Standards**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Conditions of confinement may often be restrictive and harsh, but they cannot impose the wanton and unnecessary infliction of pain. *Morgan*, 465 F.3d at 1045 (citing *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). Prison officials have a duty to provide prisoners the basic necessities of life, including adequate shelter, food, clothing, sanitation, medical care, and personal safety. *Farmer*, 511

U.S. at 832; *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). Prison conditions violate the Eighth Amendment if they have no legitimate penological purpose or are "contrary to evolving standards of decency that mark the progress of a maturing society." *Farmer*, 511 U.S. at 832 (internal quotation marks and citation omitted).

To plead an Eighth Amendment claim, a prisoner must allege facts that plausibly suggest officials acted with deliberate indifference to a substantial risk of harm to their health or safety. *See e.g., Farmer*, 511 U.S. at 847; *Labatad v. Corr. Corp. of Am.*, 714 F.3d 1155, 1160 (9th Cir. 2013) (per curiam) (citations omitted). To establish deliberate indifference, prisoners "must satisfy both the objective and subjective components of a two-part test." *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002). First, the alleged deprivation must be, objectively, "sufficiently serious." *Farmer*, 511 U.S. at 834. That is, the prisoner must demonstrate that the defendants have deprived him of the "minimal civilized measure of life's necessities." *Hallet*, 296 F.3d at 744 (internal quotation marks and citation omitted).

Second, if the prisoner satisfies the objective component of the test, he or she must show that prison officials subjectively acted with a sufficiently culpable state of mind. *Farmer*, 511 U.S. at 834. A jail official is liable for inhumane

conditions of confinement only if "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference." *Id.* at 837. A plaintiff "must show that the defendant officials had actual knowledge of the plaintiff's basic human needs and deliberately refused to meet those needs." *Johnson v. Lewis*, 217 F.3d 726, 734 (9th Cir. 2000).

## C. Overcrowding at MCCC

Allegations of prison overcrowding alone are insufficient to state a claim under the Eighth Amendment. *See Balla v. Idaho State Bd. of Corr.*, 869 F.2d 461, 471 (9th Cir. 1989); *see also Rhodes*, 452 U.S. at 348–49 (double-celling of inmates by itself does not violate the Eighth Amendment). An overcrowding claim is cognizable only if the plaintiff alleges that the crowding caused an increase in violence, reduced the provision of other constitutionally required services, or reached a level rendering the institution no longer fit for human habitation. *See Balla*, 869 F.2d at 471; *Hoptowit v. Ray*, 682 F.2d 1237, 1248–49 (9th Cir. 1982) (noting that overcrowding itself is not an Eighth Amendment violation but can lead to specific effects that might violate Constitution), *abrogated in part on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995).

Leong alleges that he was housed with three inmates in a two-man cell for four months, during which he was forced to sleep on the floor without a cot. He still fails to detail how many hours per day he was actually confined to the cell, or whether he was provided a mattress and bedding or forced to sleep directly on the cell floor. Leong does *not* allege that violence broke out in his cell or in the prison at large during those four months because of overcrowding, or that he was denied sufficient food, exercise, medical care, hygiene, or sanitation. Rather, Leong states that when his eye condition worsened, he was seen and treated by a doctor who prescribed him medication.

Leong again fails to allege any facts showing that being housed with three inmates in one cell, requiring him to sleep on without a cot for four months, was, objectively, a "sufficiently serious" deprivation. *Farmer*, 511 U.S. at 832. And, even accepting that this situation was objectively serious, Leong fails to show that any prison official was subjectively aware that Leong's serious eye condition was exacerbated by his sleeping on the floor, that is, that an official had actual knowledge that sleeping on the floor posed a substantial risk of serious harm to Leong, and deliberately ignored that risk. Thus, Leong fails to show that any prison official deprived him of the "minimal civilized measure of life's necessities." *Hallet*, 296 F.3d at 744 (internal quotation marks and citation

9

omitted). Leong again fails to state a colorable claim for relief based on allegations of overcrowding at MCCC and this claim is DISMISSED with leave to amend.

### III. LEAVE TO AMEND

The Complaint is DISMISSED with leave granted to amend. Leong may file another amended complaint on or before March 21, 2019, that cures the noted deficiencies in his claims. Leong may not expand his claims beyond those already alleged or add new claims, without an explanation regarding how those new claims relate to the claims alleged in the original Complaint.

If Leong elects to file an amended complaint, he must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii. Local Rule LR10.3 requires that an amended complaint be complete in itself without reference to any prior pleading. An amended complaint must be short and plain, comply with Rule 8 of the Federal Rules of Civil Procedure, and be submitted on the Court's prisoner civil rights form. An amended complaint will supersede the preceding complaint. *See Ramirez v. Cty. of San Bernadino*, 806 F.3d 1002, 1008 (9th Cir. 2015); LR99.7.10. Defendants not renamed and claims not realleged in an amended complaint may be deemed voluntarily dismissed. *See Lacey v. Maricopa Cty*, 693 F.3d 896, 928 (9th Cir. 2012).

If Leong fails to file an amended complaint, or is unable to amend his claims to cure their deficiencies, this action will be dismissed and this dismissal may count as a "strike" under 28 U.S.C. § 1915(g).[2]

## V. CONCLUSION

(1)  The Complaint is DISMISSED for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1).

(2)  Leong may file an amended pleading that cures the noted deficiencies in his claims on or before March 21, 2019.  Leong may not expand his claims or allege claims that are unrelated to his claims in the FAC.

(3) The Clerk is directed to send Leong a blank prisoner civil rights complaint form so that he can comply with this order if he elects to file another amended pleading.

---

[2] Under this "3-strikes" provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis,

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

(4)  Failure to timely file an amended pleading may result in AUTOMATIC DISMISSAL of this suit without further notice, and Leong may incur a strike under 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

DATED: Honolulu, Hawaiʻi, February 19, 2019.



  /s/   Jill A. Otake
Jill A. Otake
United States District Judge

*Leong v. Maui Cty. Comm. Corr.*, 1:18 CV 00375 JAO RT; Order Dismissing Amended Complaint With Leave to Amend; scrn'g '19 (dsm FAC imp. D, ftsc 8A)